Next case, I hope I pronounced it correctly, Pequignot, something approximating that, v. Solo Cup, 2009, 1547. Good morning, Your Honor. It's Carl Kravitz for the appellant and the key tamberlator, Matthew Pequignot. Pequignot, all right. That's his name. Very anglicized, Pequignot. Your Honor, under the Klontek and Bond Tool cases, the intent to deceive element of section 292 is established when the plaintiff proves by a preponderance of the evidence that the offender has intentionally marked its product with knowledge that the patent does not cover or protect the product. Mr. Kravitz, the legislative history surrounding the creation of this provision talks about this as a criminal intent standard. Specific intent in criminal statutes to deceive would be a pretty high burden to meet, wouldn't it? I think it would be, Your Honor, and I do believe that the intent standard that this Court has created both in the Klontek and Bond Tool cases with a robust knowledge requirement would be sufficient in a criminal case, but we are talking about a civil enforcement proceeding. Well, we've got some of our sister circuits who have characterized it also in criminal terms, haven't they? Should we give acknowledgment to those rulings? I'm not entirely sure I'm familiar with those cases, Your Honor. The Seventh Circuit, LeBlanc, for instance? Well, I can't comment on that case, so I'm sorry. Well, okay, but let's get back to just the District Court finding there was no intent. Based on several factors, there was significant cost and time involved in making the switch. They were avoiding trying to have – they had good business purposes to avoid having different markings on different products. They even received advice from counsel that it wasn't a problem. Where is the specific intent to deceive the public? Well, let me address that directly because I do believe that the Klontek decision and then followed on by Bond Tool really does answer that question. And that I think that when you go back to basics here with respect to the patent law, that the mark is supposed to provide a readily discernible way of determining the intellectual property embodied in the patent. Boy, it sure does. All you have to do is plug the number into the PTO office site and it shows it's expired. Why isn't just the fact that the number of an expired patent is itself noticed that it's expired? The public's not deceived here, is it? Well, I think – In fact, it's put on express notice that this number is what we perceive to be our intellectual property and that number itself carries with it an express expiration. Well, let me try to – I can answer that question. Now we're up to four reasons for no intent, and I haven't heard a single one yet for intent. So it's four to zero in the bottom of the ninth, and I'm bringing on Mario Ramirez to close it out. I'm a Red Sox fan, so – My colleagues are Red Sox fans, too. Unfortunately, you mispronounced his name. That's true. Sox was Rivera. Rivera. It was. Mr. Kravitz, following up on what Greg Rader initially – I didn't want to answer that question. Well, go ahead. Avoid the grand slam. Yes. The answer, I believe, is found in the basic patent principles and that the mark is supposed to provide a readily discernible way of determining intellectual property. In the Klontek case, what was said is that where the mark is not true, that the public will rely and will be misled. And further in the Klontek case, that was elaborated on and said that the act of false marking misleads the public into believing the patentee controls the article in question. And that undoubtedly is true when you have an unpatented article, one that has come off patent, and you mark it as patented. And so what you're doing here is that by mismarking or false marking the product, one is representing that an unpatented article is in fact patented. Under this Court's jurisprudence, that is in fact deceptive because the public will rely. Responding to your point that it might be relatively easy to look up, I would say to you that first of all, under this Court's jurisprudence, it is the marker's obligation to accurately mark the product. And you cannot externalize both that cost and that risk. And that is precisely what's being done here. Well, Mr. Kravitz, you have a problem. You point out correctly that at one time it's covered by patents, so you have an obligation, statutory obligation, to mark. And yet the obligation certainly doesn't convert to a criminal violation the day of expiration, right? Well, I do have a response to that, too. And first of all, I don't believe that you have an obligation to mark. I believe that one would mark if you were going to be able to sue for infringement damages. And what I would say to you, Your Honor, is that when a company makes a business decision whether to mark or not, the company has to balance a number of factors. One is, what is the cost of marking in the first place? That could have a machine cost. Mr. Kravitz, the statute here says, for the purpose of. And that brings into question intent, which is factual. The district judge said on these facts there is not a scintilla of evidence that Solow acted with intent to deceive. It did not act in the second recitation. When Solow marked its passages, factors which may be covered, it did not act with intent to deceive. In other words, the Court is saying, in effect, there's no genuine issue of material fact. It's very clear. Isn't your best argument that intent is a question of fact and you want to remand? Well, that certainly is one of our two arguments. But the Court was pretty clear. Well, the Court applied the wrong legal standard here. What the Court said was that Solow's admission that it knew that the patents were expired and did not protect its product, and that with that knowledge it intentionally marked products under a corporate policy to do so for possibly 20 years or more, it said that only created a weak presumption of intent. And then it said that it was going to turn to a subjective sort of good-faith motive standard. And what it said is, okay, if their motive for intentionally false marking was to save money, or there was a lawyer that approved what they were doing, their business conduct, then that gave them some sort of subjective good faith. And that subjective motive or good faith overcame the fact that they admitted that they knew, they had knowledge that the patents were expired and did not protect the products. And with that knowledge, fitting right within the Klontek and Bond Tool standards, with that knowledge they intentionally, as a matter of corporate policy, went ahead and marked what turned out to be billions of products. In the Klontek and Bond Tool cases, what we suggest that the reasoning there was, is that because the mark is supposed to tell you what the intellectual property is, and that the public will be misled, the court is quite clear on that, that false marking is an inherently deceptive act. So you're telling us knowledge is intent. I'm saying that in this context, where the public is going to rely on the law. You are saying knowledge is intent. That's the one thing that you can show, is that they had knowledge that's expired, and that shows intent, regardless of the four points going the other direction, or their good faith. I believe that it's not all I can show. There is a load of evidence, if one were to look at subjective intent. The district court disregarded all of that. But I do not believe that under the Klontek standard, that subjective good faith, which is essentially saying we didn't think we were doing anything wrong, is a defense. And this court, in fact, specifically addressed that question. In the Klontek case, the defendant put up witnesses to testify that they weren't particularly sophisticated in patent matters, and therefore didn't think they were doing anything wrong. And what this court says, this court labeled that defense as preposterous. What else shows specific intent to deceive the public, on this record, other than knowledge? In fact, that they intentionally did it with knowledge. That's a big difference. This is not inadvertent, Your Honor. Other than knowledge, what shows that they had specific criminal-like intent to deceive the public? Okay. I can run through for you some of the evidence. And I'll highlight some of it. I can't go through all of it. How about picking the best? That's what I'm going to do. How about the best four? That's exactly what I'll do. I'll hit the best four for you. The first is that Solow claims that it adopted its false marking policy in the year 2000. And it claims that it was attorney-recommended. In fact, the only advice from 2000 on this record, notwithstanding what the district court said, because the district court's fealty to the record was not particularly good. But the only evidence of advice was a series of e-mails. It fits on two pages, in June and July of 2000. And it was at that point that Solow had figured out that its 797 patent, which covered cold drink lids, had expired. In fact, 12 years earlier. And then contacted the lawyer and asked, you know, what is this RE number? And what came back is it's a reissue number that had expired. And then there was a question as to, well, do we have to put them on new cavities or lids that we're making? And it said no. And eventually the question was asked, well, you know, is it wrong to do it? And the lawyer wrote back and said, in response to a question about expired patents, said false marking is illegal, although it hinges on intent to deceive. But the best case scenario is to take it off. That's one point. Here's another point that came up. Another point, so that the advice that they got was that it was illegal and that it's exactly the opposite of what they've claimed. Second point is, for example, their in-house counsel testified in this case that the patent markings make competitors think twice about copying the company's products. And so you have a company here that knows that, that specifically they've admitted, yet they're intentionally putting false marks on their products knowing that competitors are going to think twice. Here's a third point, that they got a new patent for a new kind of hot drink lid called their Traveler Plus. I'm on my third one. And in that situation, when the patent was issued, they shut down the presses and they immediately changed all their cavities out so that it changed it from patent pending to pending. So that when it benefited them and they could assert control over their product, they shut down the presses and spent the money. Mr. Kravitz, before you run out of time, I've got a question about the burden of proof. As Judge Rader pointed out at the beginning, legislative history indicates that this is a criminal statute. There is a fine involved. If the government were to bring the action, as they have the right to do, would they be able to bring the action under a burden less than clear and convincing evidence? Absolutely. Or beyond a reasonable doubt? On what basis? If it were a criminal case or a civil case? Yes, a criminal case. Well, I believe if it's a criminal case… This is a criminal case. Well, no, this is a… It's a criminal statute. Well, except that with all respect, Section 292A has a prohibition against false marking that says, if this court is interpreted with a requirement with intent to deceive the public, which we now have two cases, says that you do it with knowledge that the mark is false. But the legislative history equates this to Title 18, which is a criminal statute. It could be enforced by the Department of Justice. I believe the DOJ manual, enforcement manual, does say that, although I'm not aware of any criminal enforcement. Section 292B provides… I'm talking about 292A. Okay, but our case is under… Not the pre-tem action. Let's talk about A first. Okay. If the government brought the action, would their burden of proof be what? Under the criminal statute. Well, I would think… Beyond a reasonable doubt? But it would be the same… Yes. Would it be beyond a reasonable doubt? I would think it would be beyond a reasonable doubt. So the government's burden of proof would be under the criminal section beyond a reasonable doubt? That the false marker had knowledge that the mark was not so and intentionally put it on in any… Clear intent. It would have to prove the intent factor clearly and convincingly to a jury. Well, I think it would be, if it were a criminal case, which I'm not aware of one having been brought, I think that the standard would be that did you put a false mark on that you knew was false, and did you do that intentionally? Those facts are all admitted in this case. But the burden of proof for the government would be not beyond a reasonable doubt. Well, I think it would be they would have to prove beyond a reasonable doubt that that occurred. But, of course, that would be true in this case because all of those facts are admitted. Now, this is a civil case. It is a quitem action. Yes. What is the burden of proof under the quitem action? Well, it would be… Should it be a reasonable doubt? No. Should it be beyond a reasonable doubt? No. In fact, the court… What is the standard of proof at that point? In the civil context, the burden of proof would be proof by a preponderance of the evidence. Why does it change? Well, I don't think it does. I think that if the government brought a civil enforcement action, which they could do, in other words, bring the same action that we're bringing, that I think it would be a preponderance standard. And you see this all the time. But their action would be under A, not B. No, not necessarily. Well, let me look at the statute. If they brought a civil action under A, well, you know, I… It would be fine, not more than $500 for every such offense. Right. It's a fine. Yes. It alludes to a criminal action. So that the government could bring a criminal action. I think the government could. I don't know that it's ever been done. So the burden would be beyond a reasonable doubt at that point. In a criminal case. But what you'd be proving, and the substantive test of what you'd be proving is that you marked an unpatented article, and you knew the mark was not so, and you intentionally put it on in any event. What would be the intent factor? Well, that proves the intent. And the reason it proves the intent… Just by marking? No. By marking with knowledge that the mark is not so, and intentionally putting it on. And the reason for this… Actual knowledge and intent to deceive the public. Yes. And the reason is, and it's explained in the Klontek case, the reason is that in the patent context, where the public relies on a mark, that it will mislead the public. That is what this Court has clearly said. So that false marking is inherently deceptive. It deceives the public. And when one intentionally engages in an act that is deceptive, one has intent to deceive. And that is the reasoning of Klontek. Bond tool follows Klontek. And if you look at the Klontek case, the question in Klontek is, did the defendant have sufficient knowledge? And it's quite clear in Klontek, by the way, civil case, that it's preponderant standard. Well, there's no citation for that particular standard in Klontek. I couldn't find any. Oh, you mean why this Court did that and repeated it in the bond tool. But with respect to knowledge, then you're agreeing with Judge Rader that knowledge is intent. I'm saying that when one knows that the mark is false and puts it on intentionally, there's no inadvertence here. This is a company policy that, notwithstanding the fact that the mark is, that the patent is expired, it doesn't protect the product. Now tell us how that deceives the public. Because they have to have specific intent, not just to put the mark on, but in specific intent to deceive the public. Well, I'm not quite sure. And then we can go back to the five points again, culminating with the mark itself discloses that it's expired. So where's the intent to deceive? It's not just intent. It has to be intent to deceive. Well, I don't want to repeat myself too much. All you said on that, and I've heard you say it 50 times, is they had knowledge that it was an expired patent. But you haven't told me how they had intent to deceive the public, which is what the district court perceived, with his experience in applying intent standards, had not a scintilla of evidence behind it. Well, I'm going to go back to the source here. Well, do it briefly. You've well exceeded your time. Just briefly answer Judge Rader's question. I have evidence, which I've gone through three or four points of. There's a lot of evidence listed in our brief, which the district court just disregarded. If you're going to look at, were they subjectively acting in good faith with the court? And I think that what I'm saying here is that if one, and I don't know which question I'm answering now, but are you asking how is the public deceived? Is that the question? Do they have intent to deceive the public? Yes, they do, because false marking misrepresents the intellectual property status of the product. And when you intentionally do that, knowing that that mark, you, the false marker, are saying that this unpatented article is patented. That's what the mark says, and it does not on its face say that the mark is expired. And it is not that easy to figure out that a mark is expired. And there are a whole number of complexities there. In fact, in this case, Solow claims it did not know for 12 years, from 1988 to 2000. It then brought in a product manager who was also, managed their IP, and he had to consult a lawyer to find out that it was expired. It does not say it. Thank you, Mr. Kravitz. As I say, you've well saved your time. Since I was mostly in colloquy with the court, we'll give you two minutes rebuttal. Thank you. Mr. West, representing Solow, but not appearing Solow. Correct. May it please the court. The judgment in favor of Solow should be affirmed. There is simply no evidence, not even a scintilla of evidence, to support the required element of the purpose to deceive, which is a critical element of the violation of Section 292. Simply no evidence whatsoever. And under the standards set by the Supreme Court in Anderson v. Liberty Lobby, it's not sufficient for Mr. Kravitz to stand up here and say, well, I didn't believe their witnesses. I ought to be allowed to say, well, maybe they're not telling the truth. Under Anderson v. Liberty Lobby, that is not sufficient. He was obligated to come forth with some affirmative evidence of a specific intent to deceive, and despite having full discovery, discovery is closed, there is no evidence whatsoever of an intent to deceive. But isn't your opponent saying that they knew the patents had expired, which means that they were not patented in knowledge amounts to intent to deceive? Well, I think he is wrong in several respects, because here, unlike the Klontek and Bond tool cases, the patent numbers were correctly put on the products when the patents were subsisting, when they existed. There is no contention otherwise, no evidence otherwise. The marks are truthful when they were put on. Now, they were expired, and that is true, and Solow discovered that in the year 2000 when it consolidated with his attorneys, and the attorneys said, these patents are expired. Solow said, well, what should we do? The attorneys looked at the books, looked at the law, and said, well, we can't find anything really specific here, so we think it would be appropriate for you, given the expense of removing these from the molds that produce the products, that it would be reasonable for you just to phase it out over time, as you have to replace your molds. And Solow said, well, that's fine with us, and there is absolutely no evidence that Solow had any reason to question that attorney recommended advice. There is no evidence that Solow ever said, oh, gee, that's great, we'd love to keep this on for deceptive purposes. There is no evidence that Solow had any desire to do anything other than to follow its attorney's advice, and the evidence is that they followed that advice faithfully. The marks that were left on there were not false, as Mr. Kravitz said, because they were truthful. They truthfully identified the patent that had described the product and whose claims had covered the product. How about may or may not be covered? I can turn to that briefly. That was an absolutely true statement, too, because the packages in which that labeling appeared sometimes contained the patented products and sometimes didn't. That's what the maybe meant. And if you needed to know, you could go to the website and find out. The identification of either the phone number or the website was right there along with the maybe covered, so anybody who was interested could contact Solow and find out exactly. So there was nothing untruthful. And I would add that the language used there was almost identical to that considered by this court in the Arcadia case, and this court found that such language was not deceptive in any way. So the attorneys, by the way, who drafted that language, they had no reason to believe that there was anything at all wrong with that language. Now, in Clone Tech, as you note, the marking was false completely. Why wasn't the element of intent to deceive an important part of the Clone Tech opinion? It was passingly mentioned, but it was not the issue. It's almost dicta, isn't it? Yeah, it is. It is almost dicta. It's a little difficult to understand, but I think the evidence there in that case was very clear that there was knowledge, and I think what the court said there was given that knowledge and in the absence of all other facts, it's reasonable to warrant an inference that there was some intent to deceive. But importantly, the Clone Tech case did not say that that inference could be irrebuttable. Now, Mr. West, it seems to me your biggest problem is the length of time here. As we were talking earlier, upon expiration, you probably aren't immediately subject to an intent to deceive standard, but how long can you continue to mark your products with expired patents before you begin to move towards deceptiveness? Well, if you're only putting the number of the patent, which truthfully identifies the patent, so someone can go look at the patent and determine the status of it, determine whether it's expired or not, determine what it relates to, since that is totally truthful, I don't know that there should be any arbitrary time. Does that mean that you could have continued to mark your products even after switching your molds? Did you have an obligation upon switching your molds to make a change? There is nothing in the marking statute that expressly or impliedly requires the removal of the mark that identifies a patent. And I think the reason for that is that the continued existence of the mark benefits the public, because once the patent's expired, the number gives the public the opportunity to look at the patent and say, to utilize the intellectual property, which is the quid pro quo for the granting of the patent in the first place. So your argument is you can mark forever? I don't see that there is any requirement that one do so as long as it is not deceptive and that there's no intent to deceive. And I don't think that the number alone can be deceptive if it truthfully identifies the patent. And after expiration, that benefits the public, not the patentee. Even with knowledge of the expiration? Yes. After expiration, only the public benefits from the knowledge of the patent, and the patent number provides a ready means for the public to determine it's expired, and then gives the public the opportunity to say, aha, this is the disclosure I need. That's the whole foundation for the patent system, the quid pro quo. Isn't it also an insinuation that I own that patent, and that patent protects this particular product, but he better not copy it, even though the patent is expired? If the marking were vague and just said patented, I think you might be able to draw that inference. How about that number of five million something? Where it's just the number, where it's just the number that's truthful, I don't see how that can be deceptive, whether it's expired or not. But you don't have to reach that issue in this case, because there is simply no evidence of an intent to deceive here. So you're saying that under the statute, there's a difference between expired and never patented? I think there's a distinction, yes. Because if it's never been patented, that is false ab initio. If it's been patented, it's truthful. Because if you put the number there, people have a ready means for determining exactly what the status of that intellectual property is. So you would say patent number so-and-so is different from patented? I do. Well, there's also a provision in the statute which prevents somebody from alleging to have a patent number, or somebody else's patent, to identify the product. So you have three different sections of Part A. Well, this case doesn't involve that other section, but you're correct, yes. But you're not saying that if I marked it and continued to mark it, it would be allowed, even with knowledge of the marking? If I'm understanding your hypothetical correctly, yes, that would be a violation regardless of whether the patent is existing or not. Now, getting back one moment to the issue of the burden of proof, if in fact A is a criminal statute and the government brings the action, what would hypothetically be their burden of proof? I think it would have to be, beyond a reasonable doubt, because it is a criminal statute. There's no question about that. Mr. Kravitz argued that since they're seeking a civil fine, that there should be a lower standard. But even if you didn't apply beyond a reasonable doubt, intent to deceive is an element of common law fraud. It's also an element of inequitable conduct under this Court's patent decisions. It's also an element of fraud under this Court's trademark decisions. And in all of those instances, the standard of proof is clear and convincing evidence. And so whether you call this a criminal statute or not, I don't see how, when you're considering whether there's sufficient evidence of an intent to deceive, that you can apply any standard any less than a clear and convincing evidence. It just wouldn't be consistent with the entire body of law. Where in 292A is there an authorization for the government to sue? I see A as simply defining an offense. And B says any person may sue. So where is there in A an indication of the government's authorization to sue other than in B? I will have to confess I haven't considered that precise question. I would think that broadly interpreted, the government could be any person. Well, the government would need to bring the criminal action. Any person cannot bring the criminal action. If, in fact, it's considered a criminal action, it would have to be brought by the government, not by any person. There's a fine line. I think that there is no question but that the violation, the act, the offense, is a criminal act. The fine, as some courts have said, is a civil fine. But that civil fine depends upon a finding of a criminal act. That's the way I see it. That's a fine answer. Thank you. If there are no further questions from the court, I submit that because there is no evidence whatsoever of specific intent to deceive on the part of Solow, the summary judgment was properly granted by the district court. Does your argument turn on whether Ramirez is the Yankee closer or not? No, I'm only happy with the outcome of the basketball. Okay. Thank you. Mr. Kravitz, there's two minutes strictly defined. Okay, two minutes strictly defined. Let me just say that, first of all, this is an action under 292B, and the court has been quite clear that the standard is a preponderance. That's the first thing. If you look at the Bond Tool case, and this is a claim under 292, the heading for intent is called false marking knowledge, and that's because that is clearly the standard that has been knocked out here. And Mr. West actually said something interesting. He talked about the inequitable conduct cases. And imagine if someone said that I was untruthful to the PTO because it would have been costly to be truthful, so therefore I didn't act with inequitable conduct. Or my defense to inequitable conduct, if you lied, was, well, I went to a lawyer and he said that was appropriate because and I didn't think I was doing anything wrong, but I knew that my statement to the PTO was false. That would be inequitable conduct. Those are the defenses that are raised in this case. And the last thing I would, two things I would like to say is that, first of all, the marks are false. They say patented with a number. Those articles are not patented. The statute, the offense, as Inbon Toole says, is marking any unpatented article. The statute does not differentiate as to why it's unpatented. These are clearly unpatented articles. And when Mr. West says that the marks are truthful because they were put on earlier, that's not true. We are talking about articles that were manufactured after the expiration, so the marks are false. And the district court incidentally found that the marks were false and that the conduct violated Section 292. It was only intent that she ruled against us. Thank you, Mr. Kravitz. The case will be taken under advisement. All rise. The honorable court is adjourned until tomorrow morning at 10 o'clock.